DOYLE IVERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Iverson v. Commissioner
Docket Nos. 10396-77, 3622-78.
United States Tax Court
T.C. Memo 1981-158; 1981 Tax Ct. Memo LEXIS 587; 41 T.C.M. (CCH) 1215; T.C.M. (RIA) 81158; April 2, 1981. Doyle Iverson, pro se. Clifford C. Larson, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined the following deficiencies in petitioner's *588 income tax: Docket No.
Taxable Year
Deficiency
10396-77
1974
$ 1,674.20
3622-78
1975
1,640.04
The issues to be decided are: 1. whether petitioner provided over one-half of the support of his daughter, Melodie, so as to entitle him to claim a dependency exemption for her for both taxable years; 2. whether petitioner is entitled to head of household filing status for both taxable years; 3. whether petitioner is entitled to deduct charitable contributions for the taxable year 1974 in the amount of $ 1,230; 4. whether petitioner sustained losses from rental properties for the taxable years 1974 and 1975 in the respective amounts of $ 2,770 and $ 4,390; and 5. whether petitioner is entitled to a deduction for laundry and cleaning expenses of $ 328 for the taxable year 1974. FINDINGS OF FACT Petitioner resided at Los Angeles, California, when he filed his petition. He filed Federal income tax returns for the taxable years 1974 and 1975. During 1974 petitioner was married. His daughter by a prior marriage, Melodie, resided with petitioner and his wife. Melodie received support from no one other than petitioner throughout 1974. In July *589 1975, petitioner and his wife became estranged and Melodie left petitioner's home to reside with her mother, petitioner's former wife. During 1974 and 1975 petitioner was a school teacher with the Los Angeles Public Schools. He was not required to wear a uniform or special clothing in connection with his employment. On his Federal income tax returns for the taxable years 1974 and 1975 petitioner claimed his daughter, Melodie, as a dependent and on both returns he claimed head of household filing status. On his return for the taxable year 1974 petitioner claimed charitable contributions aggregating $ 1,230 and on the same return claimed laundry and dry cleaning expenses of $ 328. On his return for 1974 he claimed a loss from rental property located at 2211 West 20th Street of $ 2,770. On his return for the taxable year 1975 he claimed losses aggregating $ 4,390 from rental properties located at 4490 Don Miguel and 659 East 37th Street. In his statutory notices of deficiency the Commissioner disallowed, for lack of substantiation, the dependency exemption claimed for petitioner's daughter, Melodie, for both years, the head of household filing status for both years, the *590 charitable contribution deduction for 1974, the laundry and cleaning expenses for 1974 and the losses from rental properties for 1974 and 1975. OPINION Petitioner bears the burden of proving that he is entitled to the deductions and the filing status claimed by him on his income tax returns. Welch v. Helvering, 290 U.S. 111 (1933), Rule 142, Tax Court Rules of Practice and Procedure.
When the case was called for trial on March 3, 1980, petitioner appeared and offered little evidence to support the deductions that had been disallowed. He testified that his records were lost in a brief case that was stolen and he had been unable to secure supporting evidence from other sources. His case was continued from a trial session on March 29, 1979, to enable him to secure the supporting evidence. Petitioner testified that Melodie resided with him throughout 1974 and he supplied her sole support. We believe his testimony and he is, therefore, entitled to claim her as a dependent. Sec. 152(e)(1), Internal Revenue Code of 1954. [1] Petitioner has failed to establish that he furnished over one-half of the support of his daughter, Melodie, in 1975 *591 because he has offered no evidence of the total support or the support he furnished. He is, therefore, not entitled to claim her as a dependent for the taxable year 1975. Because petitioner was married during 1974 he is not entitled to use the head of household filing status for that year. Sec. 2(b)(1). For the taxable year 1975 it is not clear whether petitioner was married at the close of the taxable year; however, because he has not shown his daughter, Melodie, to be a dependent for 1975, he is not entitled to use the head of household filing status for that taxable year. Sec. 2(b)(1)(a)(i). In order to establish his contributions to his church petitioner offered a letter from the minister of his church. Petitioner testified that he and the minister prepared the letter based upon their estimate of petitioner's contributions. We denied admissibility of the letter into evidence. Petitioner offered no other credible evidence to support the disallowed deductions. Accordingly, we hold that he has failed to establish that he is entitled to the disallowed deductions for contributions, losses *592 from rental properties and laundry and dry cleaning expenses. Decision will be entered under Rule 155 in docket No. 10396-77. Decision will be entered for respondent in docket No. 3622-78. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩